IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, ) | Case No.: 3:09-cv-02641-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | (Declaratory Judgment Action) |
| Kevin Nunnery and John Paul Martin, ) | (Non-Jury) |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff above-named, complaining of Defendants herein would respectfully show unto this Court:

### PARTIES AND JURISDICTION

1.      State Farm Fire and Casualty Company (herein "State Farm") is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. State Farm is authorized to issue insurance policies in the State of South Carolina and does so.

2.      The Defendants, Kevin Nunnery and John Paul Martin, are, upon information and belief, citizens and residents of the State of South Carolina.

3.      The Plaintiff is informed and believes that the amount in controversy exceeds Seven-Five Thousand and no/100 ($75,000.00) Dollars.

4.      There is complete diversity among the parties and the amount in controversy exceeds the jurisdictional minimum. Thus, this Court has jurisdiction based on 28 U.S.C. § 1332.

5. This Court has the authority under 28 U.S.C. § 2201 and Rule 57 of the *Federal Rules of Civil Procedure* to adjudicate the rights and legal relations of the parties based on the insurance contract between the Plaintiff and Kevin Nunnery.

## FACTS

6. The Plaintiff issued a homeowner's policy to Kevin Nunnery which was in full force and effect on December 9, 2008, policy number 40-EV2514-8. All the terms, conditions, exclusions and endorsements of the policy are incorporated herein by reference and the policy is attached hereto as Exhibit "A".

7. The Defendant, John Paul Martin, has filed suit against Kevin Nunnery, *John Paul Martin vs. Kevin Nunnery*, Civil Action No. 2009-CP-43-715. John Paul Martin alleges in the Complaint that he was injured at the home of Kevin Nunnery.

8. The State Farm homeowner's policy issued to Kevin Nunnery contains the following policy provisions:

## APPLICABLE POLICY PROVISIONS

SECTION II
CONDITIONS

3. **Duties After Loss**. In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed: . . .

   c. at our request, assist in: . . .

      (4) securing and giving evidence and obtaining the attendance of witnesses;

SECTION I AND SECTION II
COMMON CONDITIONS

3. **Concealment or Fraud**. This policy is void as to you and any other **insured**, if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

Homeowners Policy Form FP-7955 provides under Coverage L - Personal Liability:

> If a claim is made or suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:
>
> 1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice....
>
> SECTION II
> EXCLUSIONS
>
> 2. Coverage L does not apply to:
>
>    d. Bodily injury to a person eligible to receive any benefits required to be provided or voluntarily provided by an insured under a worker's compensation, non-occupational disability, or occupational disease law.

## ISSUES PRESENTED

9. The following issues have been raised:

   A. Was Kevin Nunnery required to provide worker's compensation insurance coverage for John Paul Martin at the time of the December 9, 2008 incident?

      i. Was John Paul Martin an employee of Kevin Nunnery at the time of the injury on December 9, 2008?

      ii. Where was John Paul Martin when he was injured on December 9, 2008 and how was he injured?

   B. Has Kevin Nunnery failed to cooperate with State Farm in its investigation into the incident which occurred on December 9, 2008 that resulted in injuries to John Paul Martin?

   C. Has Kevin Nunnery intentionally concealed or misrepresented any material fact or circumstance relating to this insurance and the December 9, 2008 loss?

10. The Plaintiff is informed and believes that it is entitled to a declaration by this Court answering the issues set forth above. Further, the Plaintiff is informed and believes that it is entitled

to a declaration by this Court as to whether or not State Farm has a duty to defend and/or indemnify Kevin Nunnery in the State Court action brought by John Paul Martin arising out of the December 9, 2008 incident, Civil Action No. 2009-CP-43-715.

WHEREFORE, having fully set forth its Complaint, the Plaintiff prays that this Court look into the issues presented and

    a. Make a determination as to each issue presented;

    b. Make a determination as to whether or not any insurance coverage is available under the above-referenced policy issued by the Plaintiff to the Defendant Kevin Nunnery with regard to the December 9, 2008 incident which resulted in injury to the Defendant John Paul Martin; and

    c. Make a determination as to whether the Plaintiff has a duty to defend and/or indemnify Kevin Nunnery in the State Court action brought by John Paul Martin arising out of the December 9, 2008 incident and for such other and further relief as this Court deems just and proper.

Conway, South Carolina

November 4, 2009.

THOMPSON & HENRY, P.A.

s/Linda Weeks Gangi
Linda Weeks Gangi
Attorney for the Plaintiff
Post Office Box 1740
Conway, SC 29528-1740
Telephone No: (843) 248-5741
Fax No: (843) 248-5112
Federal Court ID No.: 2028